IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey J. TEFELSKE, Attorney at Law.

Supreme Court

*No. 95–1007–D. Filed October 10, 1995.*

(Also reported in 538 N.W.2d 250.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

PER CURIAM.  We review the recommendation of the referee that the license of Jeffrey J. Tefelske to practice law in Wisconsin be suspended for nine

months as discipline for professional misconduct. That misconduct consisted of lack of diligence in representing three clients, misrepresentations to one of them, forging the name of a client to interrogatories and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation into allegations of his misconduct.

We determine that the recommended license suspension is appropriate discipline to impose for that misconduct. By it, Attorney Tefelske has demonstrated his unwillingness to be bound by trial procedure and has seriously neglected to perform the work for which he had been retained and concocted stories to conceal that neglect.

Attorney Tefelske was admitted to the practice of law in Wisconsin in September, 1985 and practiced in Washington county. In early 1993, he relocated to Colorado and has not practiced law since then. He currently is an inactive member of the State Bar of Wisconsin. He was once previously disciplined for professional misconduct: in 1993, the Board publicly reprimanded him for failing to act with diligence and promptness in a client's representation, failing to keep a client reasonably informed of the status of the client's legal matter and failing to cooperate in the Board's investigation.

In this proceeding, the referee, Attorney Joan Kessler, made the following findings of fact in respect to Attorney Tefelske's professional misconduct in three matters. In the first of those, Attorney Tefelske failed to name witnesses timely, including an essential witness, thereby preventing his clients from presenting necessary testimony. He also failed to provide discovery, respond to document production demands and proceed timely with pretrial preparation, for which his

clients were subjected to a $400 sanction, which Attorney Tefelske failed to pay timely.

In a second matter, Attorney Tefelske was retained to reopen a client's worker's compensation claim. On several occasions he told the client that hearings had been canceled, once for the reason that the administrative law judge had been in an auto accident, when in fact no hearing had been scheduled. Attorney Tefelske never attempted to reopen the client's claim. He left Wisconsin without informing the client, who believed Attorney Tefelske continued to represent him.

The third matter concerned Attorney Tefelske's representation of a contracting business in two actions. He failed to file pleadings timely, failed to respond to discovery and did not comply with various provisions of pretrial orders. In one of the actions, he signed his client's name to answers to interrogatories and notarized that signature as if it were his client's.

During the Board's investigation of these matters, Attorney Tefelske did not respond timely to Board requests for information. Once this proceeding began, he did not respond to the order to answer the Board's complaint and did not file his response by the date to which he and the referee had agreed.

The referee concluded that Attorney Tefelske's conduct in these matters violated the following provisions of the Rules of Professional Conduct for Attorneys: SCR 20.1.3,[1] requiring a lawyer to act with reasonable diligence and promptness in representing a

---

[1] SCR 21.03 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

client; SCR 20:8.4(c),[2] proscribing conduct involving dishonesty, fraud, deceit or misrepresentation; and, implicitly, SCR 21.03(4)[3] and 22.07(2),[4] requiring an attorney to cooperate with the Board in its investigation of grievances and provide requested information. As discipline for that misconduct, the referee recommended a nine-month license suspension.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Tefelske's professional misconduct in these matters. A nine-

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

month license suspension is the appropriate discipline to impose for that misconduct.

IT IS ORDERED that the license of Attorney Jeffrey J. Tefelske to practice law in Wisconsin is suspended for a period of nine months, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey J. Tefelske pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jeffrey J. Tefelske to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jeffrey J. Tefelske comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

JANINE P. GESKE, J., did not participate.